USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/05/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMMAD G. M. KHAN,

    Plaintiff,

v.

CXA-16 CORPORATION, A TEXAS CORPORATION, JOE T. HASSELT, and All Persons or Entities Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto and DOES 1 through 10, Inclusive,

    Defendants.

No. 16-CV-6672 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Before the Court is the motion of *pro se* Plaintiff Mohammad G. M. Khan to remand this quiet title action to the Supreme Court of the State of New York, Bronx County, where it was originally filed. Defendant CXA-16 Corporation ("CXA-16") removed the case on August 25, 2016 on the basis of diversity. Defendant Joe T. Hasselt, who has not appeared in this action, did not consent to removal. Khan contends that CXA-16 has failed to establish subject matter jurisdiction and the propriety of removal. In addition to remanding the case, he asks the Court to sanction CXA-16 and award fees and costs. For the reasons that follow, Khan's motion is denied.

## BACKGROUND[1]

Khan, a citizen of New York, has resided at 2703 Decatur Avenue, Bronx, New York 10458 (the "Property") since February 14, 1992. Compl. ¶¶ 2, 7; Notice of Removal ¶ 9. He

---

[1] The following information comes from the Complaint and Notice of Removal, and documents submitted by the parties in connection with Khan's motion. *See Romano v. Kazacos*, 609 F.3d 512, 520

serves as the "Spiritual Head and Imam/Priest" of a religious not-for-profit and tax-exempt corporation (the "Church") located at the Property. Compl. ¶ 7. On April 27, 2015, LNV Corporation ("LNV") purchased the Property at a foreclosure sale for $145,600. Notice of Removal ¶ 14; Twitchell Decl. Ex. 3. LNV then sold the Property to CXA-16 on September 16, 2015 for a nominal fee. *See* Pl.'s Mot. for Remand & Sanctions Ex. D. CXA-16 is a Texas citizen. *See* Notice of Removal ¶ 10; Compl. ¶ 2(a) (alleging that CXA-16 is a Texas corporation); Twitchell Decl. ¶ 3 ("[a]ll of [CXA-16's] officers are located in [CXA-16's] Texas offices").[2]

Hasselt appears to be a real estate broker who has represented CXA-16 in connection with the Property. *See, e.g.*, Pl.'s Ltr. to Ct. Exs. 2, 7, Sept. 13, 2016. Hasselt is a New York resident, Compl. ¶ 2(b), but CXA-16 contends that his citizenship "should not be considered for purposes of diversity" because he is not a proper party to the case, Notice of Removal ¶ 11.

Khan filed this quiet title action in state court on July 21, 2016. He alleges that he is the owner of the Property through adverse possession. Compl. ¶ 3.

## DISCUSSION

"The federal removal statute allows a defendant to remove an action to federal court in 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011) (quoting 28 U.S.C. § 1441(a)). CXA-16 removed this action on the basis of diversity jurisdiction, which exists

---

(2d Cir. 2010) (observing that "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis" may be considered on a remand motion).

[2] For purposes of diversity, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its *principal place of business*." 28 U.S.C. § 1332(c)(1) (emphasis added). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Khan has submitted evidence demonstrating that CXA-16 has a presence in New York, but he has not persuasively rebutted CXA-16's evidence regarding the location of its officers.

2

"where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The removing party bears the burden of demonstrating subject matter jurisdiction and the propriety of removal. *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quotation marks and citation omitted).

If Hasselt is a proper party, then removal was improper and the Court appears to lack subject matter jurisdiction over the case. Diversity requires each plaintiff's citizenship to be different from the citizenship of each defendant, *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009), and an action cannot be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2). Hasselt appears to be a New York citizen, which would mean that he is not diverse from Khan, and he is "a citizen of the State in which [the] action [was] brought." *Id.* Furthermore, removal requires the consent of "all defendants who have been properly joined and served," *id.* § 1446(b)(2)(A), and Hasselt did not consent. Thus, if he is a proper party, then CXA-16's removal of the action violated the so-called "rule of unanimity."

Nevertheless, under the doctrine of fraudulent joinder, courts will overlook the presence of a defendant who defeats removal "if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Brown*, 654 F.3d at 356 (quotation marks omitted); *see also Thompson v. Accent Capital*, 491 F. App'x 264, 265 (2d Cir. 2012) (summary order); *Almeciga v. Ctr. for Investigative Reporting, Inc.*, 121 F. Supp. 3d 379, 382 (S.D.N.Y.

3

2015). The party seeking removal "bears the heavy burden of proving the circumstances by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Brown*, 654 F.3d at 356 (quotation marks omitted). "[C]ourts can look beyond the pleadings to determine if the pleadings can state a cause of action," and "apply the state pleading rules . . . in deciding whether a plaintiff could have asserted a viable claim in state court." *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 394–95 (S.D.N.Y. 2009) (quotation marks omitted). "Courts examining a complaint to determine whether a party has been fraudulently joined will subject the complaint to less searching scrutiny than on a motion to dismiss for failure to state a claim." *Almeciga*, 121 F. Supp. 3d at 382 (quotation marks omitted).

In New York, "[t]he action to quiet, or to remove a cloud on, title was originally created by courts of equity in order to enhance the marketability and transferability of real property titles." 2-24 Warren's Weed New York Real Property § 24.01. However, "New York has codified the common law action to quiet title" in Article 15 of the Real Property Actions and Proceedings Law. *W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir. 1987). While Article 15 did not abrogate the common law action, *see Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 417 (S.D.N.Y. 2010), "any distinction between a common law action to quiet title and a statutory action to compel the determination of a claim to real property is hazy at best," 2-24 Warren's Weed New York Real Property § 24.04. Under both the common law and statutory causes of action, a plaintiff must allege, *inter alia*, that the defendant "holds title or has [some] other interest in the property." *Zap v. Mortg. Elec. Registration Sys., Inc.*, No. 15-CV-0624 (MAD) (TWD), 2016 WL 6471229, at *5 (N.D.N.Y. Nov. 1, 2016); *see also* N.Y. Real Prop. Acts. Law § 1515(1); *Barberan*, 706 F. Supp. 2d at 420 (holding that plaintiffs had not pled a common law or Article 15 claim where they "failed to allege any facts regarding [the defendant's] interest in

4

the Property"); *Siller v. Third Brevoort Corp.*, 44 N.Y.S.3d 40, 41 (1st Dep't 2016) (dismissing Article 15 claim that was "unsupported by an alleged adverse property claim by the [defendant]").

The Complaint does not allege any facts regarding Hasselt's interest in the Property; it simply alleges that he has one. *See* Compl. ¶ 9 (alleging that both CXA-16 and Hasselt "claim an estate or interest in the [Property] that is adverse to plaintiff"). This conclusory allegation would be insufficient to state a claim against Hasselt under federal or state pleading rules. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Godfrey v. Spano*, 920 N.E.2d 328, 334 (N.Y. 2009) ("[C]onclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss."). Furthermore, based on a review of Khan's other submissions, the Court concludes that "there is no possibility that the claim[ ] against [Hasselt] could be asserted in state court." *Brown*, 654 F.3d at 356 (quotation marks omitted).[3]

Khan argues that Hasselt is a proper party because he served as CXA-16's real estate broker and testified on CXA-16's behalf in matters involving the Property. *See generally* Pl.'s Mot. for Remand & Sanctions; Pl.'s Ltr. to Ct., Sept. 13, 2016. However, merely serving as the agent of a property owner does not make one a proper defendant to a quiet title action. *See, e.g., Pirrelli v. OCWEN Loan Servicing, LLC*, 12 N.Y.S.3d 110, 116 (2d Dep't 2015) (holding that mortgagors failed to state a quiet title claim against attorneys who represented the mortgagee in foreclosure

---

[3] Khan submitted a letter to the Court on September 13, 2016 that purported to enclose a compact disc. The Court has no record of having received the disc. If Khan believes in good faith that the disc contains information that demonstrates the validity of his claim against Hasselt, then he may resubmit it to the Court and seek reconsideration of his motion.

5

proceedings because "the complaint did not allege that [the attorney] defendants ha[d] or claim[ed] to have an interest in the subject property that [was] adverse to plaintiffs' claimed interest").

Thus, even accepting as true the factual assertions that Khan makes in his motion papers, Hasselt is not a proper party to this action, and his presence should be disregarded in determining the propriety of removal and the existence of jurisdiction. If Hasselt's presence is disregarded, then Khan has no valid objection to removal. As Khan is a citizen of New York and CXA-16 is a citizen of Texas, the parties are completely diverse and no defendant is a citizen of the forum state. Furthermore, because Hasselt is not a proper party to this action, removal did not violate the unanimity rule. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring unanimity only among "defendants *who have been properly joined*" (emphasis added)).

Khan argues that the case should nevertheless be remanded because the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is not satisfied. The Court disagrees. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). In quiet title actions, the object of the litigation is the subject property. *See Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010) ("In a quiet title action ... in deciding the jurisdictional question, a district court must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact."). CXA-16 has alleged and submitted evidence that the Property sold for $145,600 at an auction in 2015. Notice of Removal ¶ 14; Twitchell Decl. Ex. 3; *see also* Compl. Ex. D (indicating a 2015 market value of $181,000). Because the Court has no reason to believe that the value of the Property has decreased significantly since the 2015 auction, the amount-in-controversy requirement is satisfied. *See* 28

U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].").[4]

## CONCLUSION

For the foregoing reasons, Khan's motion to remand is denied and Hasselt is dismissed from the action. Accordingly, the Court will not sanction CXA-16 or award fees and costs. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 7. CXA-16 shall answer or otherwise respond to the Complaint within fourteen days.

SO ORDERED.

Dated: May 5, 2017
New York, New York

Ronnie Abrams
United States District Judge

---

[4] Khan notes that LNV sold the Property to CXA-16 in September 2015 for a nominal price, and that a neighboring property sold for $50,000 in 2009. These facts do not disturb the Court's conclusion that the amount-in-controversy requirement is met. The sale to CXA-16 does not appear to have been an arm's length transaction, and the 2015 auction price is a better indicator of the Property's value than the 2009 sale price of a neighboring property. The Court also notes that the Church itself offered to purchase the Property for $150,000 in September 2015. *See* Pl.'s Ltr. to Ct. Ex. 2, Sept. 13, 2016.

7